UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GRACE MCDANIEL,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES, et al.,<br><br>           Defendants. | No. 2:15-cv-01113-TLN-AC<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are "clearly baseless."
2  Neitzke, 490 U.S. at 327.  Thus, the term "frivolous," when applied to a complaint, "embraces not
3  only the inarguable legal conclusion, but also the fanciful factual allegation." Id. at 325.

4  Normally, the court "must accept as true all of the factual allegations contained in the
5  complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly,
6  550 U.S. 544, 555–56 (2007)).  However, "a finding of factual frivolousness is appropriate when
7  the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are
8  judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33
9  (1992).  Therefore, the in forma pauperis statute "accords judges . . . the unusual power to pierce
10 the veil of the complaint's factual allegations and dismiss those claims whose factual contentions
11 are clearly baseless." Id.  Among those "are claims describing fantastic or delusional scenarios,
12 claims with which federal district judges are all too familiar." Id. at 328.  This portion of the
13 statute "is designed largely to discourage the filing of, and waste of judicial and private resources
14 upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of
15 bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal
16 Rule of Civil Procedure 11." Id. at 327.

17 The court does not exercise this "unusual power" lightly or often.  Indeed, the court takes
18 very seriously the following admonition of the Supreme Court:

> An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

24 Denton, 504 U.S. at 33 (emphases added).  Nevertheless, when it is appropriate to do so—that is,
25 when the allegations go well beyond "unlikely" or "improbable" and enter the realm of
26 "irrational," "wholly incredible" or "delusional" —the court carries out the intent of the law, and
27 dismisses claims meeting the Neitzke standard. Denton, 504 U.S. at 33 ("[A] finding of factual
28 ////

1  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly
2  incredible").

3   Plaintiff's complaint alleges that she is the victim of a vast conspiracy between a plethora
4  of celebrities and politicians, who have formed a group called "the Illuminati."  ECF No. 1 at 2–5.
5  Plaintiff alleges that this group has engaged in a systemic campaign to humiliate, mock, and
6  discredit her for reasons she herself does not understand.  Id. at 4–5.  This campaign has, at times,
7  taken the form of coded insults conveyed through witchcraft, news broadcasts, and music lyrics
8  by popular artists including Beyonce and Taylor Swift.  Id. at 7, 8, 13.  Plaintiff alleges these
9  insults have caused her tremendous emotional distress.  Id. at 15.  She also alleges that she is
10 related to a number of individuals involved in the conspiracy, including President Barack Obama,
11 Halle Berry, and Aretha Franklin.  Id. at 14.  The court finds that despite the emotional distress
12 plaintiff alleges, distress that the court does not in any way discredit or demean, the allegations
13 regarding the defendants' conduct are so incredible that they need not be accepted as true.  The
14 court further finds that amendment would be futile.  The undersigned will therefore recommend
15 that these claims be dismissed with prejudice.

16   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to
17 proceed in forma pauperis, ECF No. 2, is granted.

18   Further, IT IS HEREBY RECOMMENDED that all claims against all defendants be
19 DISMISSED with prejudice.

20   These findings and recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
22 after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
25 objections shall be served and filed within fourteen days after service of the objections.  The
26 ////
27 ////
28 ////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 5, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE